UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES GYPSUM
COMPANY, etc.

    Plaintiff/Counter-Defendant,

v.                                                        CASE NO. 3:24-mc-21-MMH-SJH

DEPENDABLE, LLC,

    Defendant/Counter-Plaintiff.
_____/

## ORDER

**THIS CAUSE** is before the Court on United States Gypsum Company's Motion to Compel Enforcement of USG's Third-Party Subpoena to Level-Tech Systems of Florida, Inc. ("Motion"). Doc. 1.

United States Gypsum Company ("USG") and Dependable, LLC ("Dependable") are involved in litigation in the United States District Court for the Northern District of Illinois. Doc. 1 at 1. USG alleges that in connection with such litigation it served a subpoena to produce documents on nonparty Level-Tech Systems, Inc. ("Level-Tech"), but that Level-Tech failed to timely object or comply. *Id.* at 2. A copy of the subpoena at issue is attached to the Motion ("Subpoena"). Doc. 1-5. In the Motion, USG moves to compel Level-Tech's compliance with the Subpoena pursuant to Rule 45, Federal Rules of Civil Procedure ("Rule(s)"). Doc. 1 at 2.

A motion to compel under Rule 45 must be filed in "the court for the district where compliance is required[.]" Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P.

45(g); Doc. 1 at 2. "The prevailing rule across federal courts, and the courts within this circuit, is that a subpoena's place of compliance is the district where documents are to be produced." *Celestin v. City of Ocoee*, No. 6:21-cv-896-RBD-EJK, 2022 WL 833131, at *1 (M.D. Fla. Jan. 13, 2022) (collecting cases); *see also Lebarr v. Lay*, No. 3:20-cv-88-HLA-JBT, 2022 WL 2275172, at *1 (M.D. Fla. June 23, 2022); *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366-PGB-LHP, 2022 WL 1619393, at *1 (M.D. Fla. Apr. 19, 2022). Any other district lacks jurisdiction over a Rule 45 motion to compel. *See Lebarr*, 2022 WL 2275172, at *1; *Celestin*, 2022 WL 833131, at *1; *Taser Int'l*, 2022 WL 1619393, at *1.

Here, the Subpoena commanded the production of documents to a law firm in Chicago, Illinois. Doc. 1-5 at 1. The Motion acknowledges the rule that only "'the court for the district where compliance is required'" has jurisdiction over a Rule 45 motion to compel. Doc. 1 at 2 (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)). The Motion also acknowledges that "[t]he Subpoena commanded the production of documents … at the office of USG's counsel Swanson, Martin & Bell, located in Chicago, IL." *Id.* at 3. Nevertheless, and without any discussion or explanation, USG contends that this Court "has the authority to enforce the Subpoena." *Id.* at 2. That is not so. Because the Subpoena from USG commanded the production of documents in Chicago, Illinois, the Middle District of Florida lacks jurisdiction over the Motion. *See Lebarr*,

2022 WL 2275172, at *1; *Celestin*, 2022 WL 833131, at *1; *Taser Int'l*, 2022 WL 1619393, at *1.[1]

Accordingly, the Motion is **denied without prejudice**, and the Clerk of Court is **directed** to close this file.

**DONE AND ORDERED** in Jacksonville, Florida, on January 7, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

---

[1] To be sure, the Subpoena perhaps *should have* commanded production in Florida, where it was apparently delivered to Level-Tech and where Level-Tech is apparently based. *See* Doc. 1-3 at 2; 1-6; 1-7. Indeed, by commanding production in Chicago, far more than 100 miles away, it appears the Subpoena was facially defective. *See* Fed. R. Civ. P. 45(c)(2)(A); *see also Lebarr*, 2022 WL 2275172, at *2; *Collins v. Koch Foods, Inc.*, No. 1:19-mc-008, 2019 WL 2520308, at *2 & n.4 (S.D. Ga. June 18, 2019). Because the Court lacks jurisdiction over this Motion and this Subpoena, however, it need not address other potential issues.